IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

PAIGE RUSSO,

    Plaintiff,

vs.

ROYAL CARIBBEAN CRUISES, LTD.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

The Plaintiff, PAIGE RUSSO (hereinafter "Plaintiff"), through undersigned counsel, files suit against Defendant, ROYAL CARIBBEAN CRUISES, LTD., (hereinafter "Defendant" or "RCCL"), for damages and alleges:

## GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

1. Plaintiff is seeking damages in excess of 75,000, and there is diversity of citizenship between Plaintiff and Defendant; accordingly, there is subject matter jurisdiction with this court pursuant to 28 U.S.C. §1332, including the saving to suitors clause, as Plaintiff brings this action at law and seeks a jury trial;

2. On or about November 4, 2019, Plaintiff was a fare paying passenger onboard the passenger cruise ship HARMONY OF THE SEAS, which was owned and/or operated by Defendant;

3. At all times material hereto, the Plaintiff was a citizen and resident of South Carolina;

4. At all times material hereto, the Defendant maintained their main headquarters and principle place of business in Miami, Florida, and is considered a citizen and resident of the state of Florida for purposes of diversity of citizenship;

5. Venue is proper under 28 U.S.C. §1391 (b)(1) as the Defendant resides in this district and the cruise ship ticket issued by the Defendant requires Plaintiff to file lawsuit in this district;

6. Plaintiff invokes the diversity jurisdiction of this Court, brings this action at law, and seeks a jury trial for all Plaintiff's claims, which she is entitled to;

7. This Court has personal jurisdiction over Defendant under Fla. Stat. §48.193 because Defendant, at all times material hereto, personally and/or through its agents, employees, or representatives, in the County and in the District in which this Complaint is filed:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or;

    b. Had an office or agency in this state and/or county; and/or;

    c. Engaged in substantial activity within this state; and/or;

    d. Committed tortious acts in whole or in part within this state.

8. All conditions precedent for filing and maintaining this action have been fulfilled, have been waived, or do not apply;

9. At all times material hereto, the Defendant owned, operated, managed, maintained and/or controlled the cruise ship, HARMONY OF THE SEAS;

10. Defendant has known for many years before Plaintiff's cruise that slipping and tripping hazards on the decks of its ships are a constant source of injury to passengers aboard its cruise ships;

11. On or about November 4, 2019, Plaintiff was walking on deck 16 when she was caused to slip and fall due to a sticky, slippery substance on the deck. The fall resulting in injuries to her right lower extremity, and she has had to undergo right ankle arthroscopy with extensive debridement of synovitis involving the medial and lateral gutters as well as tibiofibular syndesmosis and debridement of accessory anterior inferior tibiofibular ligament and open reduction internal fixation of right ankle distal tib-fib syndesmosis, and also is receiving medical treatment for injuries to her right knee caused by the fall;

12. After the fall Plaintiff discovered the substance that caused her to fall was some type of beverage that had spilled from a glass left on the deck. The texture of the substance was such that indicated the substance had been spilled onto the deck and left there for a sufficient amount of time that it should have been discovered and cleaned up by a crewmember in the exercise of reasonable care for passengers' safety.

13. Plaintiff reported the incident onboard ship, and requested surveillance video footage of the area be preserved by Defendant and shown to her, which would provide further information as to who placed the drink on the deck, how it was caused to spill onto the walking area, how long it had been left there without discovery by crewmembers, and other pertinent information as to the cause of the fall;

14. Defendant should have preserved surveillance footage of the area for a sufficient amount of time before and after the incident in question in order to provide the pertinent

information as to the cause of the incident. Failure to have done so would be spoilation of evidence, and hamper Plaintiff's ability to establish negligence on the part of Defendant;

### COUNT I – NEGLIGENCE AGAINST DEFENDANT RCCL

15. The Plaintiff, repeats and adopts paragraphs one (1) through fourteen (14) above and further avers:

16. At all times material, and in particular on or about November 4, 2019, the Defendant owed to its passengers, and in particular to the Plaintiff, the duty to exercise reasonable care to maintain and operate the HARMONY OF THE SEAS in a reasonably safe condition;

17. At all times material, the Defendant, through its vessel, crew, agents, employees, staff and/or representatives, who were acting in the course and scope of their employment and/or agency with the Defendant, breached the duty of reasonable care owed to the Plaintiff and were negligent in one or more of the following ways:

   a. Failing to inspect, clean, keep, and maintain its deck surface in a reasonably safe condition;

   b. Failing to install proper and reasonable safeguards to prevent passengers from being injured when walking in the subject area;

   c. Failing to take proper precautions for the safety of its passengers;

   d. Failing to warn Plaintiff about the hazardous conditions on the deck, which Defendant knew about, or should of know about in the exercise of reasonable care;

   e. Failing to have adequate policies and procedures in place for inspection, cleaning and maintenance of the deck;

    f. Creating a dangerous condition and/or failing to remedy a dangerous condition which was known by the Defendant, or should have been known with the exercise of reasonable care for the safety of the passengers;

    g. Failing to provide proper slip resistance deck surface so the deck would not be unreasonably slippery when a liquid substance spilled onto the deck;

    h. Failing to adequately train and/or supervise its crew and/or employees to properly maintain its deck;

    i. Failing to have adequate procedures in place to monitor the area;

    j. Failing to take adequate procedures and practices to maintain the deck in a reasonably safe condition, and failing to reasonably adopt and implement reasonable procedures for inspection and monitoring of the deck to identify the hazardous and dangerous conditions;

    k. Failing to promptly rectify the hazardous/dangerous conditions of the deck;

    l. Failing to warn Plaintiff of the unsafe condition of the deck;

    m. Leaving the deck in an unsafe condition; and

    n. Allowing the liquid substance to remain on the deck surface for an unreasonable amount of time.

18. Defendant created and/or knew or should have known of the above-described conditions through the exercise of reasonable care;

19. The above conditions on the deck were neither open and obvious to the Plaintiff, and accordingly, the Defendant owed the Plaintiff the duty to warn of them and/or to correct them;

20. As a direct and proximate result of the aforementioned carelessness and negligence of the Defendant, the Plaintiff sustained injuries to her lower extremity, requiring surgery, suffered serious injuries to her body, pain and suffering, disability, disfigurement, physical handicap, mental anguish, aggravation of preexisting conditions, inconvenience, scarring, the loss of the capacity for the enjoyment of life, loss of past earnings, loss of future earnings, diminished earning capacity in the future, her working ability has been impaired, has incurred medical expenses in the past and will incur medical expenses in the future. Plaintiff will require further medical care and treatment for the remainder of her life. These damages are permanent and continuing in nature.

**WHEREFORE**, the Plaintiff, demands judgment against the Defendant for all damages recoverable under the law, as well as pre-judgment and post-judgment interest and costs to the extent allowed by law, punitive damages, other relief deemed proper under the circumstances, and demands trial by jury of all issues so triable.

Dated: January 18, 2021

Respectfully submitted,

By: ___s/ Brett Rivkind___
BRETT RIVKIND, ESQ.
FBN: 373486
seainjury@rivkindlaw.com
RIVKIND, MARGULIES & RIVKIND, P.A.
169 East Flagler Street
Suite 1422
Miami, FL 33131
Telephone: (305) 374-0565
Facsimile: (305) 539-8341
Attorneys for Plaintiff